IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| RICHARD STEVEN UHRENHOLDT, ) | |
| ) | CASE NO. BK06-40787-TLS |
| Debtor. ) | A08-4013-TLS |
| RICHARD STEVEN UHRENHOLDT, ) | |
| ) | |
| Plaintiff, ) | CH. 12 |
| ) | |
| vs. ) | |
| ) | |
| LITTON LOAN SERVICING, LP, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the Court on Plaintiff's Motion for Summary Judgment (Fil. #9), and a Resistance by Litton Loan Servicing, LP (Fil. #11). Joe M. Hawbaker represents Debtor, and Michael J. Whaley represents Litton Loan Servicing, LP. Evidence and briefs were filed and, pursuant to the Court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

The motion is denied.

Litton Loan Servicing[1] is the successor in interest to the beneficiary in a deed of trust recorded against Debtor's homestead in Antelope County, Nebraska. Litton's predecessor filed an amended proof of secured claim for approximately $178,000.00, representing $164,523.38 in principal, $7,868.48 in interest, and approximately $5,500.00 in late charges and fees. Debtor did not object to this claim. On October 23, 2006, Debtor filed his Chapter 12 plan (Fil. #52 in Case No. BK06-40787-TLS) which provided in pertinent part:

– That the term "secured claim" as used in the plan means an allowed claim in an amount equal to the present value of the creditor's interest in the property securing the claim as established by the plan or the confirmation order (Plan paragraph XII);

---

[1] Hereafter, references to "Litton" also refer, as applicable, to Litton's predecessors in interest, Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2002-4, by and through its Attorney-in-Fact, Washington Mutual Bank, as successor in interest to Long Beach Mortgage Company by operation of law.

– That the "Homestead," which is the property securing Litton's claim, is worth $205,000.00 based on an appraisal prepared just prior to bankruptcy filing (Plan paragraph XIII);

– That the value of the property exceeds Litton's claim and that Debtor will pay the total amount of Litton's claim over 30 years in annual installments at the formula rate of interest (Plan paragraph XVI).

The creditor objected based on the interest rate and the dramatic alteration of the amortization of its loan. In February 2007, the parties reached an agreement on the terms of a confirmation order whereby the paragraph concerning treatment of Litton's claim (paragraph XVI) was removed from the plan, the plan was confirmed, and the parties agreed to continue to negotiate treatment of the claim. Debtor experienced difficulty in making any headway with the loan servicer's personnel or counsel in trying to resolve the issue, so in September 2007, he filed a motion for permanent treatment of the claim (Fil. #117 in Case No. BK06-40787-TLS). According to the motion, the claim was undersecured. Debtor proposed amortizing the principal amount of the claim, $164,500.00, over 30 years at an annual interest rate of 7.5 percent, with annual installment payments. The proposed treatment of the claim also included a provision permitting prepayment at any time without penalty. Litton did not object; therefore, the motion was granted (Fil. #119 in Case No. BK06-40787-TLS).

Debtor now wants to refinance his home and pay off Litton. He has been unable to get information from Litton with regard to the proposed payment, so he filed this adversary proceeding. He hopes to obtain a judgment authorizing him to deposit $164,500.00 plus 7.5 percent interest to the date of judgment into an escrow account from which Litton, with a court order, could request disbursement of the funds. Debtor's costs and attorney's fees would also be paid from this escrow account. The deed of trust would be released at the time of the deposit into the escrow account. Litton is not opposed to a payoff, but it asserts that the amount proposed by Debtor is inadequate.

Debtor has moved for summary judgment, and the issue is whether Litton is bound by the treatment of its claim as articulated in the motion for permanent treatment, approved by Court Order, and incorporated into the confirmed Chapter 12 plan. Litton concedes that it received notice of the motion concerning treatment of its claim, but inadvertently failed to respond. It asserts that Debtor incorrectly stated in that motion that the claim was undersecured, and it contends that Debtor failed to support the motion with evidence.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); *Aviation Charter, Inc. v. Aviation Research Group/US*, 416 F.3d 864, 868 (8th Cir.2005); *Ferris, Baker Watts, Inc. v. Stephenson (In re MJK Clearing, Inc.)*, 371 F.3d 397, 401 (8th Cir.2004); *Williams v. Marlar (In re Marlar)*, 267 F.3d 749, 755 (8th Cir. 2001).

Debtor is correct in stating that a confirmed Chapter 12 plan is a binding contract and is res judicata as to all issues decided. 11 U.S.C. § 1227(a); *First Nat'l Bank v. Allen*, 118 F.3d 1289, 1294 (8th Cir. 1997); *Schellhorn v. Farmers Sav. Bank (In re Schellhorn)*, 280 B.R. 847, 852-53 (Bankr. N.D. Iowa 2002). However, it can bind the parties only as to what was actually decided or could have been decided in the confirmation proceedings. *Harmon v. United States ex rel. Farmers Home Admin.*, 101 F.3d 574, 582 n.5 (8th Cir. 1996).

In this case, the confirmed plan established the value of the property securing Litton's claim at the amount of $205,000.00. That paragraph of the plan was not deleted by the confirmation order. That order only deleted a later paragraph which provided for the treatment (that is, the manner in which it would be paid) of Litton's fully secured claim. The confirmation issue regarding the treatment of Litton's claim concerned only the interest rate and the timeliness of the payments; the *amount* of the claim was not disputed. In fact, the confirmation order specifically established the value of the property to be well in excess of Litton's claim. Moreover, Debtor did not object to Litton's claim. Therefore, it was allowed as filed. 11 U.S.C. § 502(a); *JaKS Farm Custom Forage Harvesting, L.L.C. v. Anderson (In re Anderson)*, 305 B.R. 861, 864 (B.A.P. 8th Cir. 2004). A properly filed proof of claim is prima facie evidence of the claim's amount and validity; an "objection will deprive a proof of claim of its validity only if the objection is supported by substantial evidence." *In re Alvstad*, 223 B.R. 733, 744 (Bankr. D.N.D. 1998) (quoting *Vomhof v. United States*, 207 B.R. 191, 192 (D. Minn. 1997)). A debtor cannot use the plan confirmation process to modify the rights of a lienholder without having first taken the appropriate affirmative steps to challenge the claim or avoid the security interest. *Anderson*, 305 B.R. at 866, 867.

Furthermore, the resulting plan after approval of the motion for permanent treatment of the claim is at best ambiguous. At one paragraph, the value of Litton's collateral is stated to be $205,000.00, while another paragraph added by the motion for permanent treatment states that the property is worth less than the debt, but does not say how much it is worth. In fact, the motion does not say anything about cramming down the loan to the unspecified value of the property. Instead, it simply refers to "Litton's claim, in the amount of $164,500." That falls far short of putting Litton on notice that the amount of its claim was suddenly at issue when it was never an issue at the time of plan confirmation and when the confirmation order had specifically established the property value to be $205,000.00. Under the confirmation order, the only issue reserved for negotiation was the manner of payment of Litton's claim, not the amount of the claim.

IT IS ORDERED: Plaintiff Debtor's Motion for Summary Judgment (Fil. #9) is denied.

DATED: June 17, 2008.

BY THE COURT:

/s/ Thomas L. Saladino
United States Bankruptcy Judge

Notice given by the Court to:
    *Joe M. Hawbaker
    Michael J. Whaley
    James A. Overcash
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.